IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
April 14, 2021
SX-2019-CV-00555
**TAMARA CHARLES**
**CLERK OF THE COURT**



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| PETER GHIRAWOO,<br><br>                        **PLAINTIFF,**<br><br>           v.<br><br>**FAYE JOHN-BAPTISTE, PEPPERTREE HILL LANDOWNERS ASSOCIATION, INC., LEATRICE GARCIA, AND JOHNNY AND ORETA HUGHES,**<br><br>                    **DEFENDANTS.** | **Civil No. SX-19-CV-555**<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**CITE AS: 2021 VI SUPER 43P** |

**Appearances:**
**Trudy Fenster, Esq.**
Law Office of Trudy Fenster, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**James L. Hymes, III, Esq.**
Law Offices of James L. Hymes, III, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant Peppertree Hill Landowners Association, Inc.*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Presiding Judge**

**THIS MATTER** came before the Court on Plaintiff Peter Ghirawoo's (hereinafter "Plaintiff") motion for reconsideration of the Court's February 24, 2021 order, filed on March 8, 2021.

## BACKGROUND

On October 17, 2019, Plaintiff filed a complaint against Defendant Faye John-Baptiste (hereinafter "John-Baptiste"), Defendant Peppertree Hill Landowners Association, Inc. (hereinafter "PHLA"), Defendant Leatrice Garcia (hereinafter "Garcia"), Defendant Johnny Hughes (hereinafter "J. Hughes"), and Defendant Oreta Hughes (hereinafter "O. Hughes," and

together with Defendant John-Baptiste, Defendant PHLA, Defendant Garcia, and Defendant J. Hughes, "Defendants") in connection with an alleged motor vehicle incident that occurred on June 28, 2018, in the vicinity of Plot No. 212 Mary's Fancy, St. Croix, U.S. Virgin Islands. Plaintiff alleged the following causes of action: Count I-Negligence (against all Defendants), Count II-Gross Negligence (against all Defendants), Count III-Loss of Use (against all Defendants), and Count IV-Punitive Damages (against all Defendants).

On December 9, 2019, Defendant PHLA filed its answer and affirmative defenses in response to Plaintiff's complaint. On June 29, 2020, Plaintiff filed a motion for a 90-day extension period or until September 30, 2020 to complete service of processes as to Defendant Garcia and Defendant John-Baptiste. A copy of the following documents were attached to Plaintiff's motion for extension: (i) a return of non-service as to Defendant Garcia and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he did not serve Defendant Garcia, (ii) a return of service as to Defendant J. Hughes and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant J. Hughes on November 5, 2019, (iii) an affidavit by the process server Felipe Torres, Jr. indicating that he did not serve Defendant John-Baptiste, and (iv) a return of service as to Defendant PHLA and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant PHLA via Attorney Curt Otto, Esq. on November 5, 2019.[1] On September 29, 2020, Plaintiff filed a notice of proof of service as to Defendant John-Baptiste and attached a return of service as to Defendant John-Baptiste and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant John-Baptiste on August 4, 2020.

---

[1] It appears that these documents were not previously filed with the Court.

On December 8, 2020, Defendant PHLA filed a motion for leave to file a first amended answer to add a crossclaim, which the Court subsequently granted on February 10, 2021 and deemed Defendant PHLA's fist amended answer filed on December 8, 2020. Defendant PHLA's first amended answer included a crossclaim against Defendant Garcia, Defendant J. Hughes, Defendant O. Hughes, and Defendant John-Baptiste.

On February 11, 2021, the Court entered an order (hereinafter "February 11, 2021 Order") whereby the Court granted *nunc pro tunc* Plaintiff's motion for a 90-day extension period or until September 30, 2020 to complete service of processes as to Defendant Garcia and Defendant John-Baptiste and ordered that, inter alia, (i) Plaintiff shall, within five (5) days from the date of entry of the February 21, 2021 Order, file proof of service for Defendant Garcia with the Court, or show good cause as to why the Court should extend the time for service for Defendant Garcia again, (ii) Plaintiff shall, within five (5) days from the date of entry of the February 21, 2021 Order, Plaintiff shall file proof of service for Defendant O. Hughes with the Court, or show good cause as to why the Court should extend the time for service for Defendant O. Hughes,[2] and (iii) Plaintiff is notified that failure to comply with this order will result in the dismissal of this case without prejudice as to Defendant Garcia and Defendant O. Hughes.

On February 24, 2021, the Court entered an order (hereinafter "February 24, 2021 Order") whereby the Court found no good cause or other causes warranted an extension to serve Defendant Garcia, ordered that the case against Defendant Garcia shall be dismissed without prejudice, found

---

[2] In the February 11, 2021 order, the Court explained:

> To date, the record does not reflect that Plaintiff filed a proof of service of process as to Defendant O. Hughes. The return of service and the corresponding affidavit by the process server Felipe Torres, Jr. both only named "Johnny Hughes" as the person served on November 5, 2019. As such, the Court will order Plaintiff to file proof of service for Defendant O. Hughes with the Court.

(Feb. 11, 2021 Order, p. 5)

good cause warranted an extension to serve Defendant O. Hughes, and ordered Plaintiff to file proof of service for Defendant O. Hughes. On March 8, 2021, Plaintiff filed this instant motion for reconsideration of the Court's February 24, 2021 Order.

## STANDARD OF PROCEDURE

Virgin Islands Rule of Civil Procedure Rule 6-4 (hereinafter "Rule 6-4") governs motions for reconsideration. Rule 6-4(a) provides that "[e]xcept as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court. V.I. R. CIV. P. Rule 6-4(a). Rule 6-4(b) provides that "[a] motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court." V.I. R. CIV. P. Rule 6-4(b). *See also, Arvidson v. Buchar*, 72 V.I. 50, 64 (Super. Ct. Nov. 4, 2019) ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)").

Generally, "[a] motion for reconsideration is not a second bite of the apple... [Instead, it] is intended to focus the parties on the original pleadings as the 'main event,' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions." *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008) In determining whether to grant such a motion, the Court operates with "the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*, 49 V.I. at 458.

## DISCUSSION

In his motion, Plaintiff requested the Court to reconsider its February 24, 2021 order dismissing Defendant Garcia and allow Plaintiff to serve the Defendant Garcia by publication. (Motion, p. 5) Plaintiff made the following assertions in support of his motion: (i) "Plaintiff did not receive the Court's Order which prompted the dismissal of Garcia for failure to comply with the Court's Order." (Id, at p. 4); (ii) "The Summons issued to Johnny Hughes was issued in the name of Johnny and Oreta Hughes and was served upon and accepted by Johnny Hughes." (Id.); (iii) "Plaintiff's record of conduct in this case demonstrates that Plaintiff has not acted dilatory or in any manner that could be considered non-compliant." (Id.); (iv) "On June 29, 2020, Plaintiff filed a Motion to serve out of time Defendants Letitia Garcia and Faye-Jean Baptiste [sic]. Plaintiff did not receive an order granting him permission to do so." (Id., at p. 3); (v) "Plaintiff timely served the main Defendant and one contributing Defendant, Plaintiff sought permission from this Court to serve the remaining contributing Defendants out of time and intended to ask permission to serve by publication when he was unable to serve the remaining Defendant." (Id.); (vi) "The only action that is out of sync, is the mistaken failure of the Plaintiff to comply with the Court's February 11, 2021 Order, an Order which Plaintiff did not receive and would have otherwise complied." (Id.); and (vii) "[T]he Court has granted main Defendant Peppertree Hill Landowners Association permission to add a cross-claim against Leatrice Garcia who is not yet a Defendant in this case, on account of Plaintiff not being able to complete Service on her." (Id., at pp. 4-5)

The Court will note at the outset that Plaintiff's motion for reconsideration was timely filed. The Court will also note that Plaintiff failed to specify the ground which his motion for reconsideration is based on. Based on Plaintiff's assertions, the Court concludes that Plaintiff filed his motion for reconsideration of the Court's February 24, 2021 order dismissing Defendant Garcia

based on the availability of new evidence—to wit, the Court's February 10, 2021 Order and the Court's February 11, 2021 Order and that Plaintiff filed his motion for reconsideration of the Court's February 24, 2021 order ordering Plaintiff to file proof of service for Defendant O. Hughes based on the fact that "[t]he Summons issued to Johnny Hughes was issued in the name of Johnny and Oreta Hughes and was served upon and accepted by Johnny Hughes." (Motion, p. 4)

## I.    Defendant Garcia

When reviewing a motion for reconsideration based on the availability of new evidence, the Court may not grant the motion where the highlighted evidence is "not newly discovered." *Sherman*, 49 V.I. at 458. "More precisely, the Court may grant a motion on this basis so long as the moving party produces evidence that was unknown, such that it could not have benefitted from knowledge imparted by the evidence and could not have included it in their initial arguments as the Court made its original determination." *Arvidson*, 72 V.I. at 64 (footnotes omitted); *see Sherman*, 49 V.I. at 458 ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. She failed to do so. Accordingly, the trial court did not abuse its discretion in refusing to appoint a guardian ad litem based on Appellant's untimely arguments and evidence.") (citations and internal quotation marks omitted); *see also, In re Hartlage*, 54 V.I. 446, 453 (V.I. 2010) ("The evidence presented by the affidavits was obviously available to Hartlage earlier in the proceedings, and the affidavits contain no averments that could be considered newly discovered evidence.").

Plaintiff argued that the Court should reconsider its February 24, 2021 Order dismissing Defendant Garcia because of the availability of new evidence—to wit, the Court's February 10, 2021 Order granting Defendant PHLA's motion for leave to file a first amended answer to add a crossclaim and the Court's February 11, 2021 Order, inter alia, granting Plaintiff's motion for

extension to serve Defendant Garcia and Defendant John-Baptiste out of time nunc pro tunc and ordering Plaintiff to file proof of service for Defendant Garcia. The Court finds Plaintiff's argument unpersuasive.

First, it is Plaintiff's duty to timely serve Defendants and file proofs of service with the Court in this matter, and Plaintiff should have known that regardless of whether Plaintiff received the Court's February 11, 2021 Order. Plaintiff seems to blame the Court for Plaintiff's failure to serve Defendant Garcia when Plaintiff stated that "On June 29, 2020, Plaintiff filed a Motion to serve out of time Defendants Letitia Garcia and Faye-Jean Baptiste. Plaintiff did not receive an order granting him permission to do so." (Id., at p. 3) However, it would be disingenuous for Plaintiff to point to the lack of the Court's permission as the cause for his failure to serve Defendant Garcia to date because Plaintiff similarly did not receive an order granting him permission to serve Defendant John-Baptiste out of time, but Plaintiff nevertheless went ahead and served Defendant John-Baptiste.[3]

Second, it is Plaintiff's duty to proceed in a timely manner and to not act in a dilatory manner in this matter, and Plaintiff should have known that regardless of whether Plaintiff received the Court's February 11, 2021 Order. While Plaintiff claimed in his motion that he has not acted in a dilatory manner in this matter, the Court disagrees. Plaintiff filed his complaint on October 17, 2019. Thus, under Rule 4, Defendants should have been served on or before February 14, 2020, or on or before September 30, 2020 for the defendants—Defendant Garcia and Defendant John-Baptiste—where an extension was requested and granted nunc pro tunc by the Court, and proofs

---

[3] On June 29, 2020, Plaintiff filed a motion for an extension to serve Defendant Garcia and Defendant John-Baptiste out of time. Defendant John-Baptiste was served on August 4, 2020, before the Court granted Plaintiff's motion nunc pro tunc on February 11, 2021.

of service should have been filed for all Defendants. However, to date, Plaintiff has not served Defendant Garcia and has failed to re-initiate any effort to serve Defendant Garcia until after Plaintiff received the Court's February 24, 2021 Order dismissing Defendant Garcia. Furthermore, although Defendant J. Hughes was served on November 5, 2019 and Defendant John-Baptiste was served on August 4, 2020, and they have failed to appear or answer, Plaintiff did not make any appropriate filings for such defendants who have failed to appear or answer until February 26, 2021, when he filed a motion for entry of default against Defendant J. Hughes and Defendant John-Baptiste.[4]

Lastly, the fact that Defendant PHLA was granted leave to file a crossclaim and named Defendant Garcia as a defendant is irrelevant as to Plaintiff's failure to serve Defendant Garcia. As noted above, it is Plaintiff's duty to timely serve Defendants and file proofs of service with the Court in this matter, and Plaintiff should have known that regardless of whether Defendant Garcia was named as a defendant in Defendant PHLA's lawsuit.[5]

As such, while Plaintiff argued that the Court's February 10, 2021 Order and February 11, 2021 should be considered newly available evidence, the Court finds that the knowledge imparted by the February 10, 2021 Order irrelevant as to Plaintiff's failure to serve Defendant Garcia and

---

[4] Coincidentally, the filing of the motion for entry of default against Defendant J. Hughes and Defendant John-Baptiste was compliant with the Court's February 11, 2021 Order, where the Court ordered that, within thirty (30) days from the date of entry of this Order, Plaintiff shall make an appropriate filing in regard to the defendants who have failed to appear or answer.

[5] Even if Defendant Garcia is not a defendant in Plaintiff's lawsuit, there are other mechanisms for Defendant PHLA to file a lawsuit against Defendant Garcia in this matter. If Plaintiff was truly convinced that Defendant Garcia must be defendant in Plaintiff's lawsuit in order for Defendant PHLA to file a lawsuit against Defendant Garcia in this matter, then Plaintiff should have addressed this issue sooner—to wit, Plaintiff had ample time to remedy the situation by re-initiating his effort to serve Defendant Garcia when Defendant PHLA filed its motion for leave to file a first amended answer to add a crossclaim on December 8, 2020 or when the Court entered its February 10, 2021 granting Defendant PHLA's motion. But instead, Plaintiff waited and did not re-initiate his effort to serve Defendant Garcia until after the Court's February 24, 2021 Order.

the Court finds that the knowledge imparted by the Court's February 11, 2021 Order—that Plaintiff should timely serve the defendants in this matter, should timely file proofs of service in this matter, and should proceed in a timely manner and not act in a dilatory manner in this matter—previously available to Plaintiff. Accordingly, the Court will deny Plaintiff's motion for reconsideration of the February 24, 2021 Order dismissing Defendant Garcia. *See Sherman*, 49 V.I. at 458 ("reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal").

## II. Defendant O. Hughes

Plaintiff argued that the Court should reconsider its February 24, 2021 Order ordering Plaintiff to file proof of service for Defendant O. Hughes based on the fact that "[t]he Summons issued to Johnny Hughes was issued in the name of Johnny and Oreta Hughes and was served upon and accepted by Johnny Hughes." (Motion, p. 4) This is not a permitted ground under Rule 6-4(b) for reconsideration. Nevertheless, assuming *argumendo* that it is a permissible ground for reconsideration, the Court finds Plaintiff's argument unpersuasive. Plaintiff essentially argued, without citation to any controlling authority in support his argument, that Defendant O. Hughes was served when Defendant J. Hughes was served because the Summons was issued for both "Johnny and Oreta Hughes" so when Defendant J. Hughes accepted service,[6] he accepted service

---

[6] In his motion, Plaintiff simply stated: "The Summons issued to Johnny Hughes was issued in the name of Johnny and Oreta Hughes and was served upon and accepted by Johnny Hughes." (Motion, p. 4). The parties are reminded to cite the applicable Virgin Islands law in support of their arguments. *See*, V.I. R. CIV. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:... (5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party.") *See also, In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015) ("The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule.").

for himself and on behalf of Defendant O. Hughes. The Court finds Plaintiff's argument unpersuasive. If, like Plaintiff claimed, Defendant J. Hughes accepted service for himself and on behalf of Defendant O. Hughes, then the return of service should have indicated that both Defendant J. Hughes and Defendant O. Hughes were served. Instead, the return of service only indicated that Defendant J. Hughes was served—to wit, the return of service provides: "I hereby certify that I received this summons on the 19 day of October, 2019, and that thereafter, on the 5 day of November, I did serve the same on the above-named defendant, **Johnny Hughes** by showing him this original and by then delivering to him a copy of the complaint and of the summons which were forwarded to me attached thereto." (Emphasis added) Furthermore, the corresponding affidavit by the process server Felipe Torres, Jr. that provides, inter alia, "RECEIVED: October 19, 2019; SERVED: November 5, 2020; PERSON SERVED: **Johnny Hughes**; PLACE SERVED: #123 Williams Delight." (Emphasis added) There was no indication in the return of service or the affidavit that Defendant J. Hughes accepted service for himself and on behalf of Defendant O. Hughes or that Defendant O. Hughes was served. Accordingly, the Court will deny Plaintiff's motion for reconsideration of the February 24, 2021 Order ordering Plaintiff to file proof of service for Defendant O. Hughes. *See Sherman*, 49 V.I. at 458 ("reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal").

## CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's motion for reconsideration. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for reconsideration, filed on March 8, 2021, is **DENIED**.

DONE and so ORDERED this ___14th___ day of April, 2021.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
**TAMARA CHARLES**
**CLERK OF THE COURT**

**COURT CLERK** II 04/15/2021